IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEMISHA BROWN, <br> 6021 S. Benton Ave. <br> Kansas City, Missouri 64130 <br><br> Plaintiff, <br><br> v. <br><br> HOUSING AUTHORITY OF <br> INDEPENDENCE, MISSOURI <br> 210 S. Pleasant Street <br> Independence, Missouri 64050; <br><br> EDWARD MILLER, in his official capacity as <br> Executive Director of the Housing Authority of <br> Independence, Missouri, <br> 210 S. Pleasant Street <br> Independence, Missouri 64050 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

### I. PRELIMINARY STATEMENT

1. Plaintiff was a participant in the Housing Choice Voucher (HCV) Program pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f *et seq*. This action is based on her entitlement to continued participation in the HCV Program operated by the Defendant, the Housing Authority of Independence, Missouri. Defendant terminated Plaintiff's HCV assistance without a substantive basis for doing so and without affording her procedural due process of the law. Plaintiff seeks declaratory, injunctive and monetary relief with respect to Defendant's termination of her HCV

assistance pursuant to the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1437f *et seq.*, and applicable federal regulations.

## II. PARTIES

2. Plaintiff is a citizen of the United States and resides with her three children in Kansas City, Missouri.

3. Defendant, the Housing Authority of Independence (hereinafter, The Housing Authority), is a municipal corporation created and existing under the laws of the State of Missouri, §99.010 *et seq.* (1978) and (Supp 1983), and is, pursuant to statute, an agency and instrumentality of the State of Missouri. The Housing Authority is a Public Housing Agency within the meaning of 42 U.S.C. § 1437, which administers federally subsidized and assisted low-rent housing programs. Defendant maintains its principal office at 210 South Pleasant Drive, Independence, Missouri and is within the territorial jurisdiction of this Court.

4. Defendant, Edward Miller, is the Executive Director of the Housing Authority of Independence, Missouri, and is sued in his official capacity as Executive Director. As Executive Director, he is responsible for the operation and administration of all Housing Authority programs, including, but not limited to, the Section 8 Housing Choice Voucher program.

## III. JURISDICTION

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1343.

6. This Court is authorized to grant declaratory judgments by 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

7. This Court is authorized to grant injunctive relief by 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

## IV. STATUTORY AND REGULATORY FRAMEWORK

8. The Section 8 Housing Choice Voucher Program, funded pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. §1437f, is designed to assist low-income families in obtaining affordable housing.

9. Under this program, a participant enters into a lease agreement with a private landlord and pays approximately thirty percent of her adjusted monthly income toward rent and utilities. The local Public Housing Authority pays the balance of the participant's rent pursuant to a Housing Assistance Payment (HAP) contract with the landlord.

10. A participant has a constitutionally protected property interest in the continued receipt of her Section 8 voucher assistance. The public housing authority (PHA) may only lawfully terminate or revoke a participant's voucher in accordance with due process of law. 24 CFR 982.555(a).

11. Under federal regulations, a participant in the Section 8 HCV program is entitled to the following specific procedural rights related to a PHA's decision to terminate her assistance:

   a. the PHA must give the participant the opportunity for an informal hearing, 24 C.F.R. §982.555(a)(1);

   b. the termination notice must contain a brief statement of the reasons for the decision and state that the participant may request an informal hearing to contest the decision, 24 C.F.R. §982.555(c)(2);

   c. the hearing must be held before the termination of housing assistance payments, 24 C.F.R. §982.555(a)(2);

3

d. the participant must be given the opportunity to examine, prior to the hearing, any PHA documents that are directly relevant to the hearing, 24 C.F.R. §982.555(e)(2);

e. the participant may be represented by a lawyer or other representative, 24 C.F.R. §982.555(e)(3);

f. the PHA must adopt written procedures for conducting informal hearings, 24 C.F.R. §982.555(e)(1);

g. the person who conducts the hearing shall issue a written decision stating briefly the reasons for the decision, 24 C.F.R. §982.555(e)(6); and

h. the determination must be based on a preponderance of the evidence presented *at the hearing*, 24 C.F.R. §982.555(e)(6) (emphasis added).

12. A participant has an entitlement to continued participation in the HCV program so long as the participant meets the eligibility standards and otherwise complies with its legal obligations, which are set forth in 24 C.F.R. § 982.551. A participant may be terminated from the HCV program only on one of the grounds set forth in the federal regulations.

## V. STATEMENT OF FACTS

13. Plaintiff is a 23 year old mother of three, who began participating in the Section 8 HCV Program in March 2012.

14. Plaintiff resided at 1801 Brookstone Village Drive, Apartment 203, Independence, Missouri 64057 under a lease approved by Defendant in March 2012. Pursuant to the HAP contract entered into with the landlord, Defendant made monthly housing assistance payments on Plaintiff's behalf through August 2013.

15. Defendant issued Plaintiff a notice of termination of voucher assistance dated August 1, 2013. The reason cited in the notice for the proposed termination of assistance was: "unauthorized person residing in [Plaintiff's] unit." **(Plaintiff's Exhibit A).**

4

16. On August 5, 2013, Plaintiff requested an administrative hearing to appeal the proposed termination of her assistance, because she did not have an unauthorized occupant residing in her residence.

17. On August 14, 2013, an administrative hearing was held at the Housing Authority of Independence. Hearing Officer Joe Ann Daugherty conducted the hearing.

18. During Plaintiff's administrative hearing, Defendant revealed that it believed that Mr. Pijon Brunt was the unauthorized individual living in Plaintiff's unit at Brookstone Village Apartments. Defendant presented limited evidence in support of its claim that Mr. Brunt resided in Plaintiff's unit, including only an Address Information Request form completed by the Post Office, which verifies that an individual named "Dijon Brunt" receives mail at Plaintiff's address. **(Plaintiff's Exhibit B).** Plaintiff testified that Mr. Brunt, who is the father of her children, did not live at her unit, but visited on occasion to babysit the children.

19. Upon conclusion of Plaintiff's administrative hearing on August 14, 2013, Hearing Officer Daugherty advised Plaintiff that she would collect and review additional evidence after the hearing before issuing her decision. Hearing Officer Dougherty asked Plaintiff to produce six months of mail and a lease agreement for Pijon Brunt to prove that he lived somewhere other than Plaintiff's assisted unit. Plaintiff was given until August 19, 2013 to provide this information.

20. On August 19, 2013, Plaintiff gave the Housing Authority a signed statement from Pijon Brunt's father confirming that Pijon lived with him, along with a copy of an Order of Paternity and Support entered against Pijon Brunt, which again lists his father's address as his place of residence. **(Plaintiff's Exhibits C, D).**

21.     Meanwhile, Hearing Officer Dougherty conducted her own post-hearing investigation as to whether an alleged unauthorized guest was residing at Plaintiff's assisted apartment. On August 20, 2013, six days after the hearing, Hearing Officer Daugherty communicated with the assistant manager of Brookstone Village Apartments, Ms. Ashlee Woodroof, via email about Plaintiff **(Plaintiff's Exhibit E)**. Additionally, someone at the Housing Authority of Independence (presumably Hearing Officer Dougherty or someone acting under her direction) ran a credit report on Pijon Brunt on August 20, 2013, six days after the hearing. **(Plaintiff's Exhibit F).** Plaintiff was never presented with or given the opportunity to object to any of this information before the hearing decision was issued.

22.     Defendant, through Hearing Officer Dougherty, issued a hearing decision on August 21, 2013, stating that after considering evidence "received during and after the hearing," Defendant concluded that Plaintiff's voucher assistance would be terminated. **(Plaintiff's Exhibit G).**

23.     Plaintiff's counsel sent a letter to Defendant, Edward Miller, Executive Director of the Housing Authority of Independence, on November 12, 2013. The letter requested that the Executive Director reconsider Hearing Officer Dougherty's decision to terminate Plaintiff's voucher assistance, in light of the substantive evidence and procedural due process violations. The letter stated that if Defendant did not respond to Plaintiff's reconsideration request within 14 days, Plaintiff would assume Defendant upheld Hearing Officer Dougherty's August 21, 2013 decision, which would represent the final decision of the Housing Authority on this matter. Defendant did not respond to the

request. **(Plaintiffs Exhibit H).** As the final decision maker, Defendant Edward Miller's decision represents the Housing Authority's official policy.

24. It is Defendant's current policy and practice to gather evidence after participants' administrative hearings. This post-hearing evidence is then considered when Defendant makes its decision to terminate participants' voucher assistance. The HCV participants retain no rights during this post-hearing investigation.

25. It is Defendant's current policy and practice to improperly place the burden of proof during the administrative hearing process on the Section 8 participant, rather than on the Housing Authority.

## VI. FIRST CAUSE OF ACTION

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25.

27. Plaintiff did not violate any of her obligations under 24 C.F.R. § 982.551.

28. By terminating Plaintiff's Section 8 housing assistance without a substantive basis for doing so, Defendant violated Plaintiff's rights under 42 U.S.C. § 1437f. This violation of her rights gives rise to a claim against Defendants under 42 U.S.C. § 1983.

## VII. SECOND CAUSE OF ACTION

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

30. In terminating Plaintiff's Section 8 housing assistance, Defendant violated the provisions of 24 CFR § 982.555 by failing to afford Plaintiff a hearing decision based on a preponderance of the evidence, based only evidence presented at the hearing, and by failing to provide a decision from an impartial hearing officer.

7

31. By wrongfully terminating Plaintiff's Section 8 housing assistance, Defendant violated Plaintiff's rights under 42 U.S.C. § 1437f. This violation of her rights gives rise to a claim against Defendants under 42 U.S.C. § 1983.

## VIII. THIRD CAUSE OF ACTION

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31.

33. In terminating Plaintiff's Section 8 housing assistance, Defendant failed to afford Plaintiff the following procedural protections:

> an opportunity by the participant to confront and cross-examine each witness relied on by the PHA;
>
> a decision, based solely on evidence adduced at the hearing, in which the reasons for the decision are set forth; and
>
> an impartial hearing officer.

34. By failing to afford Plaintiff the aforementioned protections, Defendant deprived Plaintiff of her property interest in her Section 8 housing assistance without affording her the procedural rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

35. By wrongfully terminating Plaintiff's Section 8 housing assistance, Defendant deprived Plaintiff of rights secured by the laws of the United States under color of state law in violation of 42 U.S.C. § 1983.

## IX. PRAYER FOR RELIEF

Wherefore Plaintiff prays that the Court:

1. Declare, pursuant to 28 U.S.C. § 2201 Defendant's termination of Plaintiff's Section 8 housing assistance violated Plaintiff's rights under federal law, federal regulations, and the United States Constitution;

2. Declare that Defendant's termination of Plaintiff's Section 8 housing assistance is void and unenforceable pursuant to 42 U.S.C. § 1437f;

3. Order Defendant to immediately reinstate Plaintiff's Section 8 Housing Choice Voucher assistance;

4. Issue a permanent injunction, pursuant to 28 U.S.C. §2202 and Federal Rule of Civil Procedure 65 (d), restraining Defendant, its officers, agents, and employees from enforcing their custom, policy, and practice of terminating participants' Section 8 housing assistance without adequate procedural safeguards and compliance with federal law and regulations.

5. Award Plaintiff actual damages and costs incurred due to the loss of her voucher assistance;

6. Grant such other and further relief to Plaintiff as the court deems just and proper.

Respectfully Submitted,

*Emily DeStefano*
EMILY DESTEFANO BAR No. 63778
Legal Aid of Western Missouri
1125 Grand Blvd., Suite 1900
Kansas City, Missouri 64106
(816) 474-6750
Attorney for Defendant

I hereby swear the above stated facts are true and correct to the best of my knowledge.

*Demisha J. Brown*
Demisha Brown

9